

# IN THE
# TENTH COURT OF APPEALS

No. 10-08-00188-CR

**CLIFFORD BRYAN CASON,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

From the 220th District Court
Hamilton County, Texas
Trial Court No. HCCR 07-07484

## MEMORANDUM OPINION

A jury found Appellant Clifford Bryan Cason guilty of the state-jail felony offense of burglary of a building and assessed his punishment at one year's confinement and a $5,000 fine. The trial court then suspended the sentence and placed Cason on community supervision for five years. By one issue, Cason contends that he did not receive effective assistance of counsel as guaranteed by the United States and Texas Constitutions. We will affirm.

To prevail on an ineffective assistance of counsel claim, the familiar *Strickland v. Washington* test must be met. *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)); *Andrews v. State*, 159 S.W.3d 98, 101-02 (Tex. Crim. App. 2005) (same). Under *Strickland*, we must determine: (1) whether counsel's performance was deficient, and if so, (2) whether the defense was prejudiced by counsel's deficient performance. *Wiggins,* 539 U.S. at 521, 123 S.Ct. at 2535; *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *Andrews,* 159 S.W.3d at 101.

To establish the first prong of *Strickland*, the defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88, 104 S.Ct. at 2064. In other words, the defendant must prove, by a preponderance of the evidence, that there is, in fact, no plausible professional reason for a specific act or omission. *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002).

Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance. *Id.* at 833. Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel's conduct was reasonable and professional. *Id.* Ineffective assistance of counsel claims are not built on retrospective speculation; they must "be firmly founded in the record." *Id.* at 835. The record must itself affirmatively demonstrate the alleged ineffectiveness. *Id.*; *see Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999).

Accordingly, trial counsel should ordinarily be afforded an opportunity to explain the actions taken or not taken, as the case may be, before being condemned as unprofessional and incompetent. *Bone*, 77 S.W.3d at 836.

In this case, Cason argues that his counsel was ineffective for the following: filing several documents that allegedly provided the State with a preview of the defense's strategy; failing to file requests for notice under rule 404(b) or rule 609(f) of the Texas Rules of Evidence or article 37.07, section 3(g) of the Code of Criminal Procedure; failing to obtain a discovery order; failing to file even a "boilerplate" motion in limine; stating during her opening statement that the defense would prove Cason's innocence beyond a reasonable doubt despite "no obligation on the defense to prove anything whatsoever"; failing to make various objections; and calling multiple witnesses whose testimony allegedly had no defense value but rather strengthened the State's case. However, the record on direct appeal is not sufficient to show why counsel took or did not take any of these particular actions.

Absent a record revealing trial counsel's strategy or motivation, Cason has not defeated the strong presumption that trial counsel's actions fell within the wide range of reasonable professional assistance. *See Thompson*, 9 S.W.3d at 814. The more appropriate vehicle to raise his ineffective assistance of counsel claims is an application for writ of habeas corpus. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

We overrule Cason's sole issue and affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
       Justice Reyna, and
       Justice Davis
Affirmed
Opinion delivered and filed March 31, 2010
Do not publish
[CR25]